UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **QUINTERRIUS MOSES** | **CIVIL ACTION NO. 19-0328** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **MIKE TUBBS, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion for Summary Judgment, [doc. # 20], filed by Defendants Sheriff Mike Tubbs, Warden Isaac Brown, and Assistant Warden Fife. Plaintiff Quinterrius Moses, a prisoner formerly incarcerated at Morehouse Parish Detention Center ("MPDC") proceeding pro se and in forma pauperis, does not oppose the motion.[1,2] For reasons below, the Court should grant defendants' motion.

### Background

Plaintiff filed the instant proceeding on approximately March 13, 2019, under 42 U.S.C.

---

[1] In his initial pleading, Plaintiff alleged: "When [MPDC] files a motion to dismiss a lawsuit I will not receive their motion because they will keep it. That way you will not know when to file for your opposition. [sic]." [doc. # 1, p. 10]. With respect to the instant motion, defendants' counsel certified that he mailed Plaintiff a copy. [doc. # 20, p. 2]. To the extent defendants or defendants' counsel did not ensure that Plaintiff received a copy, the Court mailed Plaintiff a "Notice of Motion Setting Without Date," in which the Court notified Plaintiff that his response to this motion was due by December 3, 2019. [doc. # 21]. If Plaintiff contends that he received no notice of the instant motion, he may object following this Report and Recommendation.

[2] "A motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule." *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). See *Thompson v. Crnkovich*, 788 F. App'x 258, 259 (5th Cir. 2019) ("[A]lthough Thompson did not respond to Crnkovich's summary-judgment motion in district court, this does not alone justify summary judgment.").

§ 1983, naming the following defendants in their individual and official capacities: Sheriff Mike Tubbs, Warden Isaac Brown, and Assistant Warden Fife.

Plaintiff claims that defendants restricted his right to "properly" practice his religious beliefs. [doc. # 1, p. 3]. He claims that there were no "Islamic 'Taleem Services'" at MPDC and that Taleem services are "mandatory for Muslims." [doc. # 1, p. 3; 10, p. 2]. He also claims that, with respect to "Islamic 'Jumma Services,'" defendants disrespectfully restricted practitioners to a hallway which was: (1) unsanitary and contained insects and spiders; (2) too narrow to allow inmates to "face East toward Mecca," which is necessary to properly perform mandatory prayers; (3) near "loud talking staff" and doors that opened "only a few inches away from" the practitioners; and (4) heavily trafficked. [doc. #s 1, pp. 3, 7; 10, p. 2].

Plaintiff further claims that defendants failed to respond to administrative remedy requests and that, when they did respond, they failed to do so "properly." [doc. # 1, p. 3]. Plaintiff seeks unspecified injunctive relief and an unstated amount of compensatory damages. [doc. # 10, p. 2].

Defendants filed the instant motion on November 8, 2019, arguing that Plaintiff failed to exhaust his available administrative remedies and that, even if he did exhaust, defendants did not "impermissibly interfere[] with the free exercise of his religion." [doc. # 20-2, p. 2].

**Law and Analysis**

A. Summary Judgment Standard

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id*. "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3).[3]

In evaluating a motion for summary judgment, courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). To rebut a properly supported motion for summary judgment, the opposing party must show, with "*significant* probative evidence," that a

---

[3] However, Rule 56 does not require a court to "sift through the record in search of evidence to support a party's opposition to summary judgment." *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014) (quoted source omitted).

genuine issue of material fact exists. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (emphasis added). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson*, 477 U.S. at 248).

Relatedly, there can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

When a movant bears the burden of proof on an issue, it must establish "beyond peradventure[4] all of the essential elements of the claim . . . to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). In other words, the movant must affirmatively establish its right to prevail as a matter of law. *Universal Sav. Ass'n v. McConnell*, 1993 WL 560271 (5th Cir. Dec. 29, 1993) (unpubl.).

B. <u>Exhaustion Principles</u>

Under 42 U.S.C. § 1997e(a), "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion is mandatory even where the relief sought cannot be granted by the administrative process. *Woodford v. Ngo,* 548 U.S. 81, 85 (2006) (citations omitted). All "available" remedies must be exhausted, whether speedy and effective, or not. *Porter v. Nussle,* 534 U.S. 516, 524 (2002). "Proper exhaustion requires that the prisoner not only pursue all

---

[4] I.e., beyond doubt.

available avenues of relief but also comply with all administrative deadlines and procedural rules." *Johnson v. Kukua,* 342 Fed. App'x. 933, 934 (5th Cir. Aug. 20, 2009) (unpubl.) (citing *Woodford,* 548 U.S. at 89–93). An untimely or otherwise procedurally defective administrative grievance does not satisfy the exhaustion requirement. *Id.*

The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter,* 534 U.S. at 532 (citation omitted). An inmate is required to "exhaust his remedies, irrespective of the form of relief sought, injunctive or monetary." *Richbourg v. Horton,* 2008 WL 5068680 (5th Cir. Dec. 2, 2008) (unpubl.) (citation omitted). Exhaustion also applies to claims brought against defendants in their official and/or individual capacities. See, e.g., *Williams v. Henagan,* 595 F.3d 610, 618 (5th Cir. 2010); *Hines v. Texas,* 76 Fed. App'x. 564 (5th Cir. Sept. 29, 2003) (unpubl.).

Exhaustion is an affirmative defense; thus, the burden is on the defendant to establish that the plaintiff failed to exhaust available administrative remedies. *Dillon v. Rogers,* 596 F.3d 260, 266 (5th Cir. 2010). If a defendant meets this burden, a court has no discretion to excuse the plaintiff's failure. *Gonzales v. Seal,* 702 F.3d 785, 788 (5th Cir. 2012).

C. Analysis

As Plaintiff does not controvert defendants' "Statement of Uncontested Facts," all material facts set forth in defendants' statement are deemed admitted. L.R. 56.1, 56.2. In effect, Defendants present the following undisputed facts:

> (1) MPDC maintains a a three-step Administrative Remedy Procedure ("ARP"). [doc. #s 20-3, p. 1; 20-4, pp. 5-6].
>
> (2) "The procedure is explained to all inmates at the detention center." [doc. # 20-3, p. 1].

5

>   (3) "A copy of the procedure is also provided to every inmate during the intake process." *Id.*
>
>   (4) "Inmates must sign an acknowledgment form indicating that they received a copy of the procedure." *Id.* at 2.
>
>   (5) On January 9, 2019, Plaintiff acknowledged, via signature, that he received the "Louisiana Sheriff's Association Administrative Remedy Procedure Pamphlet" and that it was his "responsibility to follow these procedures in order for [his] complaint to be reviewed." [doc. # 20-5, p. 1].
>
>   (6) "The first step of the procedure is to file a written grievance within 30 days of the incident that is the subject of the complaint." [doc. #s 20-3, p. 2; 20-4, p. 5].
>
>   (7) "An inmate who is not satisfied with the step-one response may file a second-step request for review by the warden within five days of receipt of the step-one response." *Id.*
>
>   (8) "An inmate who is not satisfied with the step-two response may file a third-step request for review by the sheriff within five days of receipt of the step two-response." [doc. #s 20-3, p. 2; 20-4, p. 6].
>
>   (9) Plaintiff did not file a "third-step request for review by the sheriff concerning the allegations made by him in this lawsuit." [doc. # 20-3, p. 2].

Of import, Plaintiff conceded in his initial pleading that he "went to the second step of the Administrative Remedy Procedure." [doc. # 1, p. 2]. Thus, Plaintiff does not genuinely dispute that, prior to filing this lawsuit, he failed to proceed to the third step of the ARP and, consequently, failed to exhaust his available administrative remedies.

    Nevertheless, the undersigned will, out of caution and considering Plaintiff's unrepresented status, examine Plaintiff's allegations and evidence to confirm the absence of a genuine dispute of material fact. In this respect, even assuming the undersigned did not deem defendants' statement of uncontested facts admitted, Plaintiff (even unwittingly in his pleadings) neither genuinely disputes that he exhausted all of his available administrative remedies prior to filing suit nor presents a valid excuse for failing to exhaust.

Plaintiff did allege that he "wrote A.R.P.'s to each defendant" and that he "took the same necessary steps with all defendants according to [MPDC] rules." [doc. # 10, p. 1]. As Sheriff Tubbs is a defendant, presumably Plaintiff alleges that he appealed to the Sheriff and proceeded to the third step of the ARP. In fact, Plaintiff specifically states that Sheriff Tubbs did not respond. *Id.* He also states that "all claims were stated on one grievance and all defendants received an[] original copy from [him]." [doc. # 11, p. 3].

With all of that said, however, Plaintiff's (perhaps) inadvertent attempt to preempt dismissal for failure to exhaust fails. Even assuming he properly completed the second step of the ARP, and even assuming further that he proceeded to the third step of the ARP—an assumption supported only by his unsworn allegations—he manifestly does not genuinely dispute that he failed to *complete* the third step of the ARP prior to filing this lawsuit. To explain, the "First Step Respondent" responded to Plaintiff's initial grievance on February 7, 2019. [doc. # 19-1, p. 3]. Perforce, Plaintiff could appeal to the Sheriff (i.e. "Step Three") only on or after February 7, 2019. Assuming Plaintiff appealed to the Sheriff on February 7, 2019— the earliest possible date—the Sheriff would have had until March 19, 2019, to respond because, under the third step of the ARP, "The offender will be notified in writing within forty (40) days after the Sheriff Receives the appeal . . . ." [doc. # 20-4, p. 6].

To reiterate, however, Plaintiff alleges that the Sheriff did not respond. [doc. # 10, p. 1]. Plaintiff filed this proceeding, at the latest, on March 13, 2019, before the end of the forty-day period in which the Sheriff could respond. [doc. # 1]. Thus, even assuming Plaintiff initiated the third step, he did not complete the third step prior to filing this proceeding, and he did not,

7

consequently, exhaust his administrative remedies prior to filing this proceeding.[5] See *Bargher v. White*, 928 F.3d 439, 447 (5th Cir. 2019), as revised (July 2, 2019) ("Because Bargher thus filed his § 1983 complaint prior to the completion of the administrative grievance process, the district court properly found that Bargher failed to exhaust the required administrative remedies before bringing this suit while incarcerated.").

Turning to Plaintiff's first purported excuse, he maintains, in his first pleading, that defendants failed to respond to administrative remedy requests "properly." [doc. # 1, p. 3]. Plainly, this does not excuse proceeding to, and completing, the third step of the ARP because the purpose of completing the third step of the ARP is to obtain redress for a second-step response that a prisoner considers *improper* (or inadequate). For example, if Plaintiff conversely maintained that defendants responded properly to his second-step ARP requests, he would not need to exhaust all of his remedies by proceeding to the third step.

As to Plaintiff's second purported excuse, he alleges, "When administrative remedy procedures are filed to the second step, they are not responde[d] to at all." [doc. # 1, p. 10]. Under the ARP, however, "If an extension has not been granted and the offender has not received a response in the set time frame, the offender can move on to the next step . . . ." [doc.

---

[5] See *Wilson v. Epps*, 776 F.3d 296, 302 (5th Cir. 2015) ("[E]ven if we were to assume (contrary to the representations in Wilson's complaint) that Wilson *did* move on to steps two and three after the prison failed to respond to his ARPs, the prison's time limit for responding to his step-three appeals could not have expired by the time he filed his complaint. Wilson submitted his ARPs between July 23 and August 15, 2010. Thus, because the outer limit for how long the process can take is 90 days, *see Gates,* 376 F.3d at 330, the earliest date on which a third-step response could have become due was 90 days after July 23; that is, October 21. Given that Wilson filed his complaint in the district court on September 20, 2010, it is impossible for MDOC to have failed to timely respond to a third-step appeal prior to the filing of the complaint.").

# 20-4, p. 6]. Thus, defendants' alleged failure to respond is immaterial, and Plaintiff does not genuinely dispute that the third step in the ARP was "available."[6]

Accordingly, there is no genuine dispute that Plaintiff failed to exhaust all available administrative remedies prior to filing this lawsuit, and defendants are therefore entitled to judgment as a matter of law.[7]

Although dismissal for failure to exhaust administrative remedies is typically without prejudice,[8] the Court is authorized to dismiss Plaintiff's claims with prejudice with respect to his right to re-file them in forma pauperis ("IFP"):

> By choosing to file and pursue his suit prior to exhausting administrative remedies as required, [plaintiff] sought relief to which he was not entitled—that is, federal court intervention in prison affairs prior to the prison having had the opportunity to address the complaint within its grievance procedures. We therefore affirm the district court's order dismissing [plaintiff's] action with prejudice for purposes of proceeding IFP.

*Underwood v. Wilson,* 151 F.3d 292, 296 (5th Cir. 1998) (overruled by implication on other grounds by *Jones v. Bock,* 549 U.S. 199, 216 (2007)).

The foregoing approach is appropriate here. Accordingly, if Plaintiff exhausts his administrative remedies with respect to the claims here, he may present the claims again, but he may not proceed in forma pauperis to do so.

---

[6] See *Wilson*, 776 F.3d at 301 (observing that a prisoner must pursue "the grievance remedy to conclusion" even if "the prison fails to respond to the prisoner's grievance at some preliminary step in the grievance process[]" because "the prison's failure to timely respond simply entitles the prisoner to move on to the next step in the process.").

[7] As Plaintiff failed to exhaust his administrative remedies, the undersigned declines to address defendants' alternative argument that they did not "unconstitutionally infringe upon Plaintiff's right to freely practice his religion." [See doc. # 20-2, p. 5]; see *Marshall v. Price*, 239 F.3d 365 (5th Cir. 2000) (declining to reach the merits of an inmate's Section 1983 claims after finding that he failed to exhaust his administrative remedies).

[8] See, e.g., *Cooper v. Quarterman,* 342 Fed. App'x. 12, 13 (5th Cir. 2009).

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that defendants' Motion for Summary Judgment, [doc. # 20], be **GRANTED** and that Plaintiff Quinterrius Moses's claims be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies but **WITH PREJUDICE** for purposes of proceeding in forma pauperis under 28 U.S.C. § 1915.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 28th day of January, 2020.

Karen L. Hayes
United States Magistrate Judge